IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES GWATHNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:09cv479-MEF |
| | ) | (WO) |
| WARDEN KELLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the court is Defendant Roger Warren's (Warren) motion to dismiss for lack of personal jurisdiction based on insufficient service of process. (Doc. No. 48.) After review of Warren's submissions, together with the procedural history of this case, the court concludes that the motion is due to be denied because Warren has waived the defense of lack of personal jurisdiction – first, by failing to challenge this court's personal jurisdiction in the Federal Defendants' Special Report (or in an earlier motion) by asserting a specific objection alleging insufficient service of process, and second, by defending against the allegations in the plaintiff's complaint.

**DISCUSSION**

The facts relevant to Warren's instant motion are as follows. The Federal Defendants' Special Report, which was filed on August 20, 2009, states that Warren "received the summons and complaint through certified mail on or about June 11, 2009, but has not executed a waiver of service in this matter." (Doc. No. 20 at 2.) Elsewhere, the Special

Report indicates that "the defendants received copies of the complaint via mail. However, there was no summons or waiver forms included." (*Id*. at 3.) The court's records reflect that a summons, copy of the complaint, and the court's initial order of procedure were mailed by certified mail to Warren at FPC Montgomery, where Warren is employed as a correctional officer, and signed for by "P. Johnson" on June 11, 2009. (Doc. Nos. 5, 6, and 10). Nowhere in the Special Report does Warren specifically object to the sufficiency of service of process or challenge the court's personal jurisdiction based on insufficient service of process. Warren submitted with the Special Report his affidavit addressing the substance of the allegations of excessive force contained in the plaintiff' complaint. (Doc. Nos. 20-5 and 22-2.) Nowhere in the Special Report or in any other pleading filed with this court, prior to the instant motion to dismiss, does Warren assert lack of personal jurisdiction as a defense in this action.

In support of his motion to dismiss for lack of personal jurisdiction, Warren asserts that he was not served by a method authorized under Fed.R.Civ.P. 4. (Doc. No. 48 at 2-3.) Fed.R.Civ.P. 4(i)(3) provides that service to a United States employee sued in an indiviual capacity ordinarily must be accomplished as provided under Rule 4(e), which states, in pertinent part, that process may be served by:

   (A)   delivering a copy of the summons and of the complaint to the individual personally;

   (B)   leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

>    (C)   delivering a copy of each to an agent authorized by appointment
>          of by law to receive service of process.

Fed.R.Civ.P. 4(e)(2). In his motion to dismiss, Warren asserts, for the first time, that "P. Johnson," who signed for the summons and complaint mailed to Warren at FPC Montgomery, is not an agent authorized to receive personal service of process for Warren. (Doc. No. 48 at 3.) Therefore, Warren argues that he was not properly served pursuant to Rule 4(e) and that the court lacks personal jurisdiction over him in this case.

If a party fails to raise a sufficiently clear and specific objection to service of process in its initial responsive pleading, or in a motion made before pleading, the objection is deemed waived pursuant to Fed.R.Civ.P. 12(h)(1). *See Hickson v. Home Federal of Atlanta*, 805 F.Supp. 1567, 1571 (N.D. Ga. 1992). An objection to service of process "must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized." *Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir. 1986) (citing *Travelers Ins. Co. v. Panama-Williams*, Inc., 424 F.Supp. 1156, 1157 (N.D. Okla.1976)); *see also King v. Best Western Country*, 138 F.R .D. 39, 43 (S.D.N.Y. 1991); 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (1990). Here, the Federal Defendants' Special Report does not contain a specific objection by Warren to service of process pointing out in what manner the plaintiff failed to satisfy the requirements of the service provision utilized. As indicated above, nowhere in the Special Report does Warren specially object to the sufficiency of process, and nowhere does he challenge this court's personal jurisdiction based on insufficient

service of process. Warren's assertion that "P. Johnson" is not an agent authorized to receive personal service of process for Warren is presented for the first time in the instant motion to dismiss. For these reasons, Warren waived the defense of lack of personal jurisdiction by failing to assert a specific objection in the Special Report.

Moreover, Warren's failure to assert a specific objection in the Special Report together with his subsequent conduct, including his submission of an affidavit addressing the substance of the allegations in the plaintiff's complaint and his failure to challenge the court's personal jurisdiction specifically until the filing of the instant motion to dismiss, also amounts to a waiver of his right to attack the personal jurisdiction of this court based on insufficient service of process. "Where a defendant leads a plaintiff to believe that service is adequate and that no such defense will be interposed, ... courts have not hesitated to conclude that the defense is waived." *Trustees of Cent. Labororers' Welfare Fund v. Lowery*, 924 F.2d 731, 733 (7th Cir. 1991) (observing that party may waive defense of insufficiency of process by failing to assert it seasonably).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Warren's motion to dismiss for lack of personal jurisdiction based on insufficient service of process (Doc. No. 48) be DENIED.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or

before October 26, 2011. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 12th day of October, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE