IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARGES GWATHNEY, )  )  Plaintiff, )  )  v. )  )  WARDEN KELLER, *et al.*, )  )  Defendants. ) | Civil Action No. 2:09cv479-TMH (WO) |

CHARLES GWATHNEY,  )
                   )
    Plaintiff,     )
                   )
    v.             )      Civil Action No. 2:09cv479-TMH
                   )               (WO)
WARDEN KELLER, *et al.*, )
                   )
    Defendants.    )

**SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

This court has received Defendant Roger Warren's objections to the Recommendation of the Magistrate Judge entered on October 12, 2011 (Doc. No. 49). In his objections (Doc. No. 52), Warren contends that the undersigned erroneously concluded that Warren's motion to dismiss for lack of personal jurisdiction based on insufficient service of process (Doc. No. 48) should be denied because Warren waived the defense by failing to assert it specifically in the Federal Defendants' Special Report. (Doc. No. 52 at 1-2.) Warren argues that the undersigned, in so concluding, incorrectly "equat[ed] the Special Report to an initial responsive pleading or Rule 12 motion." (*Id*. at 2.) He notes that in *Burns v. Lawther*, 53 F.3d 1237 (11th Cir. 1995), the Eleventh Circuit held that a Special Report is not a "pleading" as defined by Fed.R.Civ.P. 7. *See Burns*, 53 F.3d at 1241. Applying the Eleventh Circuit's analysis in *Burns* to the instant case, Warren contends that he has not filed a responsive pleading as defined by the Federal Rules of Criminal Procedure. (Doc. No. 52 at 3.) Accordingly, he maintains that he did not waive his challenge

to this court's personal jurisdiction based on insufficient service of process by failing to assert the defense in the Special Report. (*Id*.)

Warren's argument that this court incorrectly equated the Special Report to an initial responsive pleading is well taken in light of the Eleventh Circuit's holding in *Burns*. Nevertheless, the court concludes that Warren waived the defense of lack of personal jurisdiction by defending against the allegations in Plaintiff's complaint. His failure to assert a specific objection to the sufficiency of process in the Special Report, together with his subsequent conduct, amounted to a waiver of his right to attack the personal jurisdiction of the court in his motion to dismiss. The court's procedural order of June 9, 2009, specifically provided that a written report shall be filed by the defendants within 40 days of the date of the court's order, and that "[a]ll defenses including immunity defenses must be set forth in the written report or such defenses may be waived." (Doc. No. 5 at 2; emphasis in original.) Nowhere in the Special Report (Doc. No. 20), filed through counsel, did Warren assert the defense of lack of personal jurisdiction based on insufficient service of process. Instead, with respect to Warren, the Special Report defended against the substance of the allegations of excessive force contained in Plaintiff's complaint. Warren also submitted with the Special Report his affidavit addressing the substance of the excessive-force allegations. (Doc. Nos. 20-5 and 22-2.) Under the circumstances, Plaintiff could reasonably believe that Warren was not objecting to the sufficiency of service or asserting a defense of lack of personal jurisdiction. In his September 16, 2011, objections to the Recommendation of the Magistrate

2

Judge entered on August 31, 2011 (Doc. No. 37), Warren again did not object to the sufficiency of process, nor did he argue that this court had failed to address any asserted defense of lack of personal jurisdiction (Doc. No. 42). Indeed, Warren first raised the defense of lack of personal jurisdiction approximately three weeks later, in his motion to dismiss, filed on October 5, 2011. (Doc. No. 48.)

"Where a defendant leads a plaintiff to believe that service is adequate and that no such defense will be interposed, ... courts have not hesitated to conclude that the defense is waived." *Trustees of Cent. Labororers' Welfare Fund v. Lowery*, 924 F.2d 731, 733 (7th Cir. 1991) (observing that party may waive defense of insufficiency of process by failing to assert it seasonably). In light of the circumstances noted above, the court finds that Warren waived his right to attack the personal jurisdiction of this court in his motion to dismiss. Accordingly, it is the

RECOMMENDATION of the Magistrate Judge that Warren's motion to dismiss for lack of personal jurisdiction based on insufficient service of process (Doc. No. 48) be DENIED.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before November 30, 2011. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed

3

findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 16th day of November, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE